[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #133
The plaintiffs, purchasers of a home in eastern, Connecticut brought this action against the sellers and Bill Roy Septic Tank Service, LLC (Roy), seeking damages caused by the failure of the septic system.[1]
Bill Roy Septic Tank Service, LLC (Roy) moves for summary judgment on Counts 4, 5, and 6 which pertain to it.[2] Count 4 sounds in negligence, Count 5 sounds in fraud, and Count 6 sounds in breach of contract.
Roy argues that as to Counts 4 through 6, there are no genuine issues of material fact and therefore it is entitled to judgment as a matter of law.
On January 24, 2002, Roy filed a motion for summary judgment on counts four, five and six of the revised complaint,[3] on the ground that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because Roy had notified the plaintiffs that the septic system had failed in April 1998, fifteen months prior to the plaintiffs' purchase of the home.[3]
As to count four, Roy argues that because the plaintiffs did not begin to have problems with the septic system until April 2000, they cannot establish that the system's failure two years before was the cause of their damages. Roy further argues that the plaintiffs cannot prove that Roy was negligent in his inspection of the system prior to the plaintiffs' purchase of the residence.
As to count five, Roy asserts that because the plaintiff McCauley admitted at the prejudgment remedy hearing that Roy had informed him of the septic system's prior failure, the plaintiffs cannot establish that Roy's inspection report was fraudulent.
As to count six, Roy contends that the plaintiffs' breach of contract CT Page 13129 claim actually sounds in negligence, and not in contract, and that Roy is therefore entitled to judgment as a matter of law.
In support of its motion, Roy submits: (1) uncertified[4] portions of the transcript of William Roy's testimony at the prejudgment remedy hearing; (2) an uncertified portion of the testimony of the plaintiffs' expert, Samuel Partridge, at the prejudgment remedy hearing; (3) uncertified portions of the testimony of Sharon Tursi and Richard Tursi (Sellers) at the prejudgment remedy hearing; and (4) a certified portion of the sworn deposition testimony of Richard Schwartz, who had serviced the septic system during a period prior to the Tursis' acquisition of the property.
The plaintiffs filed a memorandum of law in Opposition to Roy's motion for summary judgment on June 5, 2002, claiming that there are genuine issues of material fact as to Roy's alleged fraud, breach of contract and negligence. The plaintiffs did not submit any evidence in support of their Opposition.[5]
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250, ___ A.2d ___
(2002). "[T]he `genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 556, 791 A.2d 489 (2002). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Mytych v. May Dept. Stores Co., 260 Conn. 152, 164 n. 8, CT Page 13130793 A.2d 1068 (2002). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowksi, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
 A. Negligence
Count four alleges negligence arising from Roy's allegedly faulty inspection of the septic system and report that the system was in good working order. Roy moves for summary judgment on count four on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law because (1) it had informed the plaintiffs of the prior failure of the septic system; (2) the plaintiffs cannot offer evidence sufficient to establish the existence of the effluent and water problems; and (3) the plaintiffs cannot establish the causation element of their negligence claim.
"In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." LaFlamme v.Dallessio, supra, 261 Conn. 251. Although "[i]ssues of negligence are ordinarily not susceptible of summary adjudication"; (internal quotation marks omitted) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984); "[t] he existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand." (Internal quotation marks omitted.) Gomes v. Commercial Union Ins. Co.,258 Conn. 603, 614, 783 A.2d 462 (2001). "Proximate cause [however] is ordinarily a question of fact." Mather v. Griffin Hospital, 207 Conn. 125,130, 540 A.2d 666 (1988). "[T]he issue [of causation] becomes one of law [however] when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." (Internal quotation marks omitted.) Abrahams v.Young Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997). Moreover, "[s]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 639 A.2d 507 (1994). CT Page 13131
In support of its motion on count four, Roy submits the transcript of McCauley's testimony at the prejudgment remedy hearing, during which McCauley testified that Roy had informed him of the septic system's prior failure. (Roy's Memorandum of Law in Support of its Motion for Summary Judgment, Docket Item #134, Exhibit A, p. 89.) Roy also submits the testimony of William Roy, who had done the actual inspection of the system, and who testified that he had informed the plaintiffs of the system's prior failure. (Roy's Memorandum, Exhibit B, p. 50.) In addition, Roy offers the testimony of Richard Tursi and Sharon Tursi, both of whom testified that they had never had any problems with the septic system during the period in which they owned and lived in the home. (Roy's Memorandum, Exhibit D, pp. 9-10, Exhibit E, pp. 43-45.) Roy further submits the deposition testimony of Richard Schwartz, who serviced the septic system prior to 1999. (Roy's Memorandum, Exhibit F, p. 27.) Schwartz testified that he was not aware of any problems with the septic system before the Tursis' acquisition of the property. (Roy's Memorandum, Exhibit F, pp. 27-28.) Lastly, Roy offers the testimony of the plaintiffs' expert, Samuel Partridge, who testified that he could only guess as to when the system actually failed. (Roy's Memorandum, Exhibit C, pp. 83-85.)
Roy's evidentiary submissions are insufficient to meet its burden of showing the absence of genuine issues of material fact on the plaintiffs' negligence claim. Although they support its contention that the plaintiff had been informed of the system's prior failure, they do not address the issue of whether the septic tank was in a defective state at the time of Roy's inspection on July 1, 1999. Whether there were latent problems with the system, whether Roy "knew or should have known" that the system was defective at the time of the later inspection and whether he should so have informed the plaintiffs, are questions of fact.
In the present case, the plaintiffs' negligence claim is "akin to [an allegation] of professional negligence or malpractice, which [our Supreme Court has] previously defined as `the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services.'" Santopietrov. New Haven, 239 Conn. 207, 226, 682 A.2d 106 (1996). "If the determination of [this] standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required." Id.
Roy does not dispute the fact that it owed the plaintiffs the duty owed CT Page 13132 by "the average prudent reputable" septic tank servicer. Roy does dispute, however, the issue of whether it breached this duty, in that it claims that the septic system was in fact not defective at the time of the second inspection. The issue of breach is a question normally reserved for the trier of fact. Gomes v. Commercial Union Ins. Co., supra, 258 Conn. 614. The issue of whether Roy breached the duty of care it owed to the plaintiffs is a question of fact, and will require expert testimony should the court determine the issue to be "beyond the experience of an ordinary fact finder. . . ." Santopietro v. New Haven, supra, 239 Conn. 226.
Additionally, Roy submits the testimony of Samuel Partridge, the plaintiffs' expert, who testified at the prejudgment remedy hearing that he inspected and serviced the system after it failed the second time. (Roy's Memorandum, Exhibit C, p. 84.) Partridge testified that he could merely surmise that the system was already in failure at the time of Roy's inspection on July 1, 1999.[6] (Roy's Memorandum, Exhibit C, pp. 83-85.) As previously noted, "[s]ummary judgment procedure is Particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings
and reactions." (Emphasis added; internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., supra, 111. It therefore submitted that the question of whether Partridge's "subjective feelings" about the condition of the septic system were correct should be left to the trier of fact. Moreover, Roy submitted Partridge's testimony to support its theory that the plaintiffs will not be able to establish the causation element of their negligence claim. "Proximate cause is ordinarily a question of fact"; Mather v. Griffin Hospital, supra, 207 Conn. 125,130; and becomes one of law only "when the mind of a fair and reasonable person could reach only one conclusion." Abrahams v. Young Rubicam,Inc., supra, 240 Conn. 307. The element of causation remains as a question of fact.
Furthermore, Roy's motion for summary judgment on count four of the complaint relies heavily on the theory that "the plaintiffs can offer no evidence to show that [the septic system was defective] at or about the time of [Roy's July 1, 1999] inspection." (Roy's Memorandum, p. 13.) In a motion for summary judgment, however, "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Internal quotation marks omitted.) Mytych v. May Dept. Stores Co., supra, 260 Conn. 164
n. 8. While it is true that "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of CT Page 13133 such an issue"; (internal quotation marks omitted) Buell Industries,Inc. v. Greater New York Mutual Ins. Co., supra, 259 Conn. 550. Roy cannot meet its initial burden of showing that there are no genuine issues of material fact. Roy's motion for summary judgment on count four of the revised complaint is denied.
 B. Fraud
Roy moves for summary judgment on count five, which alleges that Roy committed a fraud upon the plaintiffs in that, on July 1, 1999, it knowingly issued a false inspection report, to the effect that the septic system was in proper working order, in order to induce them to purchase the Tursis' property. Roy argues that the plaintiffs cannot sufficiently establish the elements of fraud. In support of its motion on count five, Roy again relies on the prejudgment remedy hearing testimony of McCauley, William Roy and Partridge. The plaintiffs counter that questions of fact remain as to the elements of their action for fraud, but fail to submit any evidence to support this argument.
"The essential elements of an action in common law fraud . . . are that (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury."[7] (Internal quotation marks omitted.) Suffield Development Associates Ltd. Partnership v.National Loan Investors, L.P., 260 Conn. 766, 777, ___ A.2d ___ (2002). "All of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery." (Internal quotation marks omitted.)Citino v. Redevelopment Agency, 51 Conn. App. 262, 275, 721 A.2d 1197
(1998).
As to the first element, Roy claims that it could not have made a false statement to the plaintiffs because William Roy had disclosed the fact that the system had failed on an earlier occasion. It is submitted, however, that Roy misunderstands the first element of a claim for fraud. "The requirement that a representation be made as a statement of fact focuses on whether, under the circumstances surrounding the statement, the representation was intended as one of fact as distinguished from one of opinion. . . . It is sometimes difficult to determine whether a given statement is one of opinion or one of fact, inasmuch as the subject matter, the form of the statement, the surrounding circumstances, and the respective knowledge of the parties all have a bearing upon the question. . . . [E]ach case must in a large measure be adjudged upon its CT Page 13134 own facts." (Internal quotation marks omitted.) Anastasia v. BeautifulYou Hair Designs, Inc., 61 Conn. App. 471, 478, 767 A.2d 118 (2001). In the present case, evidence of the fact that Roy had informed the plaintiff of the system's prior failure is irrelevant to the question of whether the statement that the system was currently working properly was one of fact or opinion. Because Roy offers no other evidence to support its assertion that there is no question of material fact as to the first element of fraud, however, Roy cannot meet its burden for summary judgment on this issue and that a question of fact therefore remains as to the first element.
With regard to the second element, whether the statement was false and known to be false by the declarant, Roy relies on the theory that "the plaintiffs are unable to offer any evidence that the septic system was not in proper working condition on the date of Roy's inspection of July 1, 1999." (Roy's Memorandum, p. 7.) To buttress this claim, Roy offers the testimony of the plaintiffs' expert, Partridge, in which Partridge testified that he could only guess as to the condition of the septic system at the time of Roy's July 1, 1999 inspection. (Roy's Memorandum, Exhibit C, pp. 83-85.) As discussed above, however, the subjective feelings and opinions of an individual are particularly inappropriate matters for summary judgment. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 111. Moreover, Roy's reliance on the plaintiffs' inability to produce sufficient evidence that the septic system was defective is again misplaced, since it is Roy's burden as movant to produce evidence to show the absence of material fact issues. Mytych v. May Dept. Stores Co., supra, 260 Conn. 164 n. 8. Because Roy offers no evidence on this element of fraud other than Partridge's testimony, and because Partridge's testimony raises an issue of material fact, Roy has not met its burden of showing the absence of genuine issues of material fact as to the second element of fraud.
With regard to the third element, whether the statement in question was made to induce the plaintiffs to act, Roy relies on the fact that, at the hearing on the application for prejudgment remedy, McCauley conceded that Roy had notified him of the prior failure of the septic system. (Roy's Memorandum, Exhibit A, p. 89.) Roy claims that, "[a]ccordingly, Roy had no motive to act so as to induce the plaintiffs to purchase the property in question." (Roy's Memorandum, p. 9.) Roy offers no other evidence on this element of fraud. Because issues of motive are questions of fact, and are, as such, particularly inappropriate matters for summary adjudication; Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 111. The issue of Roy's motive raises a question of material fact.
The evidence presented by Roy fails to show that material facts as to CT Page 13135 the claim of fraud are not in dispute. Roy's motion for summary judgment on count five is therefore denied.
 C. Breach of Contract
Roy moves for summary judgment on count six, which alleges that Roy breached its contract with the plaintiffs by "[failing] to inspect the septic system, or [inspecting] said septic system in a careless and negligent manner or [failing] to check Town records relating to such system. . . ." (Amended Complaint, Sixth Count, ¶ 4.) Roy claims that there is no dispute that it performed its oral contract with the plaintiffs and that count six is actually premised on the same tort liability as count f our. In support of its motion on count six, Roy again submits the testimony of McCauley, in which McCauley testified that William Roy inspected the septic system in his presence and informed him of the system's prior failure. (Roy's Memorandum, Docket Item #134, Exhibit A, p. 89.) Roy also relies on Gazo v. Stamford, 255 Conn. 245,765 A.2d 505 (2001), to support its proposition that the plaintiffs cannot obtain judgment on a negligence claim that is merely disguised as a contract claim. The plaintiffs argue in Opposition that disclosure of all problems and recommendations as to what courses of action should be taken on the septic system were implicit in the contract, and that Roy failed to perform these implicit provisions.
Roy's reliance on Gazo v. Stamford is misplaced. In Gazo, a slip-and-fall action in which the plaintiff claimed to be the third-party beneficiary of a contract between a bank and a snow removal company, the Supreme Court held that "it simply would not make sense to permit the [slip-and-fall] plaintiff to recover under a contract theory." Gazo v.Stamford, supra, 255 Conn. 264. "Although contract damages ordinarily consist of consequential losses . . . they ordinarily do not encompass such losses as pain and suffering." (Citations omitted; emphasis added.) Id., 265. Gazo is distinguishable from the present case because the plaintiffs here are not attempting to wrest a contract right from a tort scenario. Rather, they are seeking damages which they allege are consequential to the septic system's failure. "[T]he appellate courts of this state have defined consequential damages as special damages [that] result from the natural consequences of the act complained of. . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.) Hartford v. International Assn. of Firefighters, Local 760,49 Conn. App. 805, 816, 717 A.2d 258, cert. denied, 247 Conn. 920,722 A.2d 809 (1998). Because the plaintiffs in this action complain that Roy breached its contract by failing to inform them that the septic CT Page 13136 system was defective, and because property damage is a "natural consequence" of such an alleged failure, the plaintiffs' claimed damages fall into the category of what our appellate courts have defined as consequential damages, which the Gazo court specifically endorsed as being appropriate for a plaintiff to seek in a breach of contract claim.Gazo v. Stamford, supra, 265.
Moreover, a review of McCauley's testimony at the prejudgment remedy hearing reveals issues of fact remaining with regard to the terms of the oral contract. In count six, the plaintiffs claim that Roy breached their contract in that Roy "failed to inspect the septic system, or inspected said septic system in a careless and negligent manner or failed to check Town records relating to such system. . . ." (Amended Complaint, Sixth Count, ¶ 4.) At the hearing on the plaintiffs' application for prejudgment remedy, McCauley admitted that William Roy had indeed gone to the Easton property, inspected the septic system in McCauley's presence, and reported his findings. (Roy's Memorandum, Exhibit A, p. 89.) McCauley's testimony, however, does not address the issue of whether Roy checked the town records, which the plaintiffs claim was an implicit term of their oral contract. "[O]rdinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact. . . ." (Internal quotation marks omitted.) Tallmadge Bros., Inc.v. Iroquois Gas Transmission System, L.P., 252 Conn. 479, 495,746 A.2d 1277 (2000). The issue of whether Roy checked the town records to ascertain whether there was a problem with the septic system remains a question of fact.
The evidence presented by Roy fails to show that there are no material facts in dispute on the plaintiffs' breach of contract claim. Roy's motion for summary judgment on count six of the revised complaint is therefore denied.
 CONCLUSION
For the foregoing reasons, Roy's motion for summary judgment is denied.
GALAGHER, J.